UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY D. LEAR, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 1:11-CV-1408 |
| | : | |
| | : | |
| GEORGE ZANICK, BRIAN LEWIS, | : | |
| LAURIE FORSHEY, BRIAN | : | |
| HAUBRICK, and TIMOTHY MERCER, | : | |
| Defendants | : | |
| | : | |
| | : | |

*M E M O R A N D U M*

I.        *Introduction*

We are considering motions to dismiss filed by George Zanick[1], Brian

Lewis, Brian Haubrick, and Timothy Mercer.  The case involves the arrest and

prosecution of plaintiff, Timothy Lear.  Plaintiff brought this action under 42 U.S.C. §

1983 alleging violations of his First, Fourth, and Fourteenth Amendment rights.

II.       *Background*

The following facts are set forth in plaintiff's complaint and are taken as

true, as they must be when considering a motion to dismiss.  *Fowler v. UPMC*

---

[1]Plaintiff's complaint names "George Zanick" as a defendant, but defendant's motion to dismiss uses the name "George Zanic."  We interpret these two names as referring to the same individual.

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Lear, a Pennsylvania State Police

Trooper, alleges that George Zanick, the Huntington County District Attorney, became

romantically involved with Laurie Forshey.  Lear, who was dating Forshey, confronted

Zanick about his relationship.  As a result, Zanick assisted Forshey in bringing false

criminal charges against Lear.  Pennsylvania State Police Officers Lewis, Haubrick, and

Mercer assisted in filing these charges.

Forshey's complaint against Lear concerned events that took place on April

19, 2009.  On or about July 29, 2009, Lear was arrested and charged with burglary,

criminal trespass, simple assault, false imprisonment, and harassment.  Lear went to trial

and was found not guilty.  Defendant Mercer placed Lear on restricted duty in April 2009.

Restricted duty requires officers to turn in their weapons, denies them the right to wear a

uniform outside of barracks, and denies them the opportunity to work overtime.  Lear

remains on restricted duty even though he was not convicted of any crime.

Plaintiff alleges that he was subjected to disparate treatment within the

Pennsylvania State Police Department as a result of his complaint to Zanick and the

defense he presented against his criminal charges.[2]  As evidence of this treatment, Lear

names several officers who violated police rules and were not placed on restricted duty.

---

[2] Plaintiff explains in his brief that the substance of his defense to the criminal charges was "prosecutorial misconduct and abuse of power."  (doc. 10, at 10). However, he does not allege this in his complaint.  In a motion to dismiss, we may only consider the facts as averred in plaintiff's complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Lear brings a Fourth Amendment claim against all defendants for violation of his right to be free from malicious prosecutions.  He also alleges defendants Zanick, Haubrick, Mercer, and Lewis violated his First Amendment right to petition.  Plaintiff asserts the state police defendants, Haubrick Mercer, and Lewis, violated his right to equal protection of the law.  Plaintiff's final claim is against Zanick for violation of his Fourteenth Amendment Due Process right and his Fourth Amendment privacy right.

III.        *Discussion*

        *A.  Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).   While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, - - - U.S. - - -, 129

S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.)

"[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-

65, and a court "'is not bound to accept as true a legal conclusion couched as a factual

allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

   In resolving the motion to dismiss, we thus "conduct a two-part analysis."

*Fowler*, *supra*, 578 F.3d at 210.   First, we separate the factual elements from the legal

elements and disregard the legal conclusions.  *Id.* at 210-11.   Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'"  *Id.* at  211 (quoted case omitted).

   *B.  Malicious Prosecution*

   To bring a claim for malicious prosecution under section 1983, a plaintiff

must demonstrate:

> (1) the defendants initiated a criminal proceeding;
> (2) the criminal proceeding ended in the plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing
> the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept
> of seizure as a consequence of a legal proceeding

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citation omitted).

   We need only address the fifth requirement.  This element, deprivation of

liberty, is not alleged by plaintiff.  "The type of constitutional injury the Fourth Amendment

is intended to redress is the deprivation of liberty accompanying prosecution, not

prosecution itself."  *Id.* at 603.  Without this allegation, plaintiff's malicious prosecution

claim fails and must be dismissed.

### C.  Right to Petition for a Redress of Grievances

Plaintiff alleges that Zanick, Haubrick, Mercer, and Lewis violated his First

Amendment Right to petition for a redress of grievances.  To support this claim, plaintiff

asserts that he complained to Zanick about Zanick's "interference in [plaintiff's] personal

relationship with his significant other at that time."  (doc. 1, ¶ 50).  Plaintiff alleges that, as

a result of this complaint, Haubrick and Lewis assisted Forshey in bringing charges

against plaintiff.  In addition, plaintiff asserts that in response to his defense to the

charges mentioned, Mercer retaliated against him by initiating an internal affairs

investigation and placing him on restricted duty.

To bring a retaliation claim, a plaintiff must show three elements:  "(1)

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of

ordinary firmness from exercising his constitutional rights, and (3) a causal link between

the constitutionally protected conduct and the retaliatory action."  *Thomas v.*

*Independence Twp.*, 463 F.3d 265, 296 (3d. Cir. 2006).  Public employees who make

retaliation claims for protected activity under the Petition Clause must show that they

were speaking as citizens about a matter of public concern.  *See Guarnieri*, at 2495,

2501 (finding the public concern test should be adopted for public employee retaliation

claims where the plaintiff's protected activity was petitioning).  "If a public employee

petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way."  *Guarnieri*, at 2500.

Plaintiff asserts that his complaint to Zanick and his defense to the criminal charges are constitutionally protected conduct under the Petition Clause.  The defendants argue that these actions do not qualify as petitions.

"The Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes."  *Borough of Duryea v. Guarnieri*, __ U.S. __, 131 S. Ct. 2488, 2494 (2011).  We do not find plaintiff's complaint to Zanick regarding Zanick's relationship with Forshey to be a petition, because it is not an appeal to a court or other forum for the resolution of a legal dispute. Plaintiff's claim against Zanick fails because there is no constitutionally protected activity. We find plaintiff's defense to his criminal charges to be effective use of the courts, which the Petition Clause protects.  *See Gibson v. Superintendent of N.J. Dept. Of Law and Public Safety Division*, 411 F.3d 427, 441 (3d Cir. 2005) (overruled on separate grounds by *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)).

Defendants argue that plaintiff's retaliation claim still fails because his petition is not a matter of public concern.  Determining whether speech involves a matter of public concern is a question of law to be determined "by examining 'the content, form, and context of a given statement, as revealed by the whole record.'" *Rode v. Dellarciprete*, 845 F.2d 1195, 1201 (3d Cir. 1988) (citation omitted).  "A public employee's speech involves a matter of public concern if it can be fairly considered as

relating to any matter of political, social or other concern to the community." *Brennan v. Norton*, 350 F.3d 399, 412 (3d Cir. 2003) (citation omitted).  The Petition Clause "is not a right to transform everyday employment disputes into matters for constitutional litigation in the federal courts." *Guarnieri*, at 2501.  Plaintiff argues that his defense at trial alleged political corruption, and that the integrity of public officials is a matter of public concern. However, his complaint does not allege that these matters were part of his defense.  The complaint alleges that he was not permitted to discuss Zanick's relationship with Forshey during his trial, but this is not a matter of public concern.  This claim will be dismissed.

> *D.  Equal Protection*

Plaintiff brings an Equal Protection claim against officers Mercer, Haubrick, and Lewis.  Plaintiff alleges that Mercer knowingly applied investigatory and disciplinary procedures in an arbitrary and capricious fashion in retaliation for his complaint about Zanick, and his defense at trial.  Lear asserts that this type of retaliation amounts to disparate treatment under the Fourteenth Amendment and names other officers who were not investigated or disciplined but who were similarly situated.  Officers Mercer, Haubrick, and Lewis assert that plaintiff fails to state a claim because he did not allege the violation any constitutional right.

Plaintiff argues that he was singled out and treated differently than other state police officers, making a "class of one" claim under *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).  To bring this type of claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly

situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment*." Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Following *Olech*, the Supreme Court limited equal protection claims in public employment. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008). The Third Circuit has found that "a public employee cannot assert an Equal Protection claim under the 'class of one' theory." *Aubrecht v. Pa. State Police*, 389 Fed. Appx. 189, 193 (3d Cir. 2010).

Plaintiff attempts to distinguish the facts of his case from those in *Engquist*, arguing that his claim arises "out of his being a private citizen involved in a course of misconduct by public officials, some of whom also happened to be his employer and retaliated against him on the job." (Doc. 10, at 12). His complaint, however, makes clear that this is the type of employment dispute which is governed by *Engquist*. In this count, he describes the conduct of fellow state police officers Mercer, Haubrick, and Lewis. Specifically, he complains of the disparate treatment used by his supervisor, Mercer in an investigation and disciplinary process. Plaintiff is an employee complaining about the disciplinary process of a public employer.

As the Supreme Court noted in *Engquist*, "government offices could not function if every employment decision became a constitutional matter." *Engquist* at 608. "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Id.* Plaintiff has failed to state an Equal Protection claim, and count III of his complaint must be dismissed. Leave

to amend this claim will be denied as futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).

### E.  Substantive Due Process and Privacy Claim

In count IV of his complaint, plaintiff alleges Zanick violated his Fourteenth Amendment substantive due process right to "be free of unlawful state interference in his personal relationships" and his "right to privacy."  (doc. 1, ¶ 61).

Substantive due process protects against arbitrary government action, and only the most egregious conduct is arbitrary. *Chambers v. Sch. Dist. of Phila. Bd. Of Educ.*, 587 F.3d 176 (3d Cir. 2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1988)).  "To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).  Plaintiff alleges that his right to associate and his right to privacy were both infringed upon by Zanick.

Plaintiff's complaint alleges Zanick targeted Lear's relationship with Forshey and used his position as District Attorney to pursue a relationship with Forshey, interfering with Lear's relationship.  (doc. 1, ¶ 60).  Plaintiff asserts that his right to associate in intimate relationships was violated.  Zanick argues that there is no clearly established right providing constitutional protection to dating relationships and, even if there was such a right, plaintiff does not allege Zanick prevented him from engaging in

9

such a relationship.  Plaintiff responds that there is a clearly recognized right to pursue

intimate relationships.  In support of his argument, plaintiff cites *Roberts v. United*

*Jaycees*, 468 U.S. 609 (1984).  There, the Supreme Court found that "choices to enter

into and maintain certain intimate human relationships must be secured against undue

intrusion by the State."  *Id.* at 617.  Other courts have found that dating may be the type

of relationship protected under the Fourteenth Amendment.  *See Gardner v. Barry*, 2010

U.S. Dist. LEXIS 124165, *19 (M.D. Pa 2010) (Conner, J.) ("dating may qualify as an

associational activity protected by the First Amendment . . . though the degree of

constitutional protection afforded to an association depends on the characteristics of the

relationship").

    Even if dating was a the type of relationship protected by the First

Amendment, plaintiff has not alleged that Zanick's conduct interfered with this right.

According to the complaint, Zanick used his position as District Attorney to pursue

Forshey, but plaintiff does not allege that he interfered with plaintiff's right to date

Forshey.  Additionally, plaintiff has not established any conscience-shocking behavior

required to make a substantive due process claim.  *County of Sacramento v. Lewis*, 523

U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1988).

    Zanick also argues that this claim must fail because the alleged actions are

barred by the statute of limitations.  In Pennsylvania, there is a two-year statute of

limitations for a substantive due process violation.  *Cowell v. Palmer Twp.*, 263 F.3d 286,

291 (3d Cir. 2005).  The actions giving rise to this claim occurred in April 2009.  Plaintiff

brought the instant action on July 29, 2011, after the expiration of the statute of limitations.  While plaintiff asserts that the continuing violation theory tolled the statute of limitations, all of the actions which plaintiff alleges in claim IV occurred in April 2009.

For these reasons, claim IV of plaintiff's complaint will be dismissed.  Leave to amend this claim will be denied as futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002).

### F.  Qualified Immunity

Qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."  *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011).  For a right to be clearly established, its "contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  The unlawfulness must be "apparent."  *Id.*  Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *al-Kidd*, at 2085 (citation omitted).

Plaintiff did not plead facts showing that the defendants violated any statutory or constitutional right.  As explained above, all of plaintiff's claims must be dismissed.  Defendants Lewis, Mercer, and Haubrick are entitled to qualified immunity.

11

*G.  Prosecutorial Immunity and the Eleventh Amendment*

Zanick claims that the Eleventh Amendment and prosecutorial immunity

protect him from liability to the extent his actions involve his prosecutorial duty.  Plaintiff

"does not contend that there were official capacity actions taken by Zanic."  (doc. 11, at

12).  Without any actions taken by Zanick in his official capacity, the claims cannot be

dismissed pursuant to the Eleventh Amendment or prosecutorial immunity.  *See Carter v.*

*City of Philadelphia*, 181 F.3d 339, 353 ("When enforcing their sworn duties to enforce

the law . . . [prosecutors] act as agents of the State.").

*H.  Defendant Laurie Forshey*

Plaintiff's claims against defendants Zanick, Mercer, Haubrick, and Lewis

have all been dismissed.  Defendant Laurie Forshey has not moved to dismiss.

However, a court may "on its own initiative enter an order dismissing [an] action provided

that the complaint affords a sufficient basis for the court's action." *Bryson v. Brand*

*Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).

The Fourteenth Amendment only protects against state action.  *See U.S. v.*

*Morrison*, 529 U.S. 598, 621, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000) ("[T]he principle

has become firmly embedded in our constitutional law that the action inhibited by the first

section of the Fourteenth Amendment is only such action as may fairly be said to be that

of the states.  That Amendment erects no shield against merely private conduct, however

discriminatory or wrongful.") Actions brought under 42 U.S.C. § 1983 require conduct by

a person acting under color of state law.

12

Plaintiff does not allege any facts that would enable the court to infer that Forshey was acting under color of state law during the investigation and prosecution of Lear, and alleges only conclusory statements.  Plaintiff has failed to plead a § 1983 claim against Forshey.  *See Twombly*, 550 U.S. at 570, 127 S. Ct. At 1974, 167 L. Ed. 2d 929.

We will issue an appropriate order.



/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY D. LEAR,                         :
       Plaintiff                       :
                                       :
       vs.                             :   CIVIL NO. 1:11-CV-1408
                                       :
                                       :
GEORGE ZANICK, BRIAN LEWIS,              :
LAURIE FORSHEY, BRIAN                    :
HAUBRICK, and TIMOTHY MERCER,            :
       Defendants                      :
                                       :
                                       :

*O R D E R*

AND NOW, this 6th day of February, 2012, upon review of Defendant

Zanick's motion to dismiss (doc. 7), Lewis, Haubrick, and Mercer's motion to dismiss

(doc. 6), plaintiff's response thereto, and pursuant to the accompanying Memorandum, it

is ordered that:

      1.  Defendants' motions to dismiss (docs. 6 and 7) are granted.

      2.  Counts I and II of plaintiff's complaint will be dismissed.  Plaintiff may file
a motion for leave to amend these counts within twenty-one (21) days of this order.  Any
such motion shall include proposed amendments and a brief with supporting law
explaining the validity of the proposed amendments. Defendants may respond within
fourteen (14) days thereafter.

      3.  Counts III and IV of plaintiff's complaint are dismissed.  Leave to amend
is denied as futile.

4. Count I against defendant Forshey is dismissed with prejudice.

/s/William W. Caldwell
William W. Caldwell
United States District Judge